Miles M. Masog, 024927
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile:  (602) 307-5853
E-mail:   docket@rcdmlaw.com
          mmasog@rcdmlaw.com

*Attorneys for Plaintiff Plantlogic, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Plantlogic, LLC, a Wyoming corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LGSA20 Inc. d/b/a The Blossom Farm, a Delaware corporation; S&A Group Holdings USA, a foreign entity; Oliver Davies and Jane Doe Davies, husband and wife; XYZ Corporations I-V; ABC Partnerships I-V; and John and Jane Does I-V.<br><br>　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff PLANTLOGIC, LLC, for its Complaint against Defendants OLIVER DAVIES; JANE DOE DAVIES; LGSA20 INC d/b/a THE BLOSSOM FARM; and S&A GROUP HOLDINGS USA alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　　　Plaintiff PLANTLOGIC, LLC is a Wyoming corporation with its principal place of business in California.

2.　　　Defendant Oliver Davies (hereinafter referred to as "Mr. Davies") is a married man and a resident of Pima County, Arizona.

3.　　　Defendant Jane Doe Davies is a married woman and a resident of Pima County, Arizona.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1)

4. Upon information and belief, at all material times, The Blossom Farm is a registered tradename with the Arizona Secretary of State, doing business in Arizona and located at 5655 E. Gaskill Rd., Wilcox, Arizona 85643.

5. Upon information and belief, at all material times, LGSA20 INC is the Applicant for The Blossom Farm. LGSA20 INC is a foreign corporation domiciled in Delaware and doing business in Arizona and located at 5655 E, Gaskill Rd., Wilcox, Arizona 85643.

6. Upon information and belief, at all material times, S&A GROUP HOLDINGS USA is a foreign corporation domiciled in the United Kingdom and doing business in Arizona.

7. The true names and capacities, whether individual, corporate or otherwise, of the Defendants John and Jane Does I-V, ABC Partnerships I-V, and XYZ Corporations I-V, are unknown to Plaintiff at this time. Plaintiff, therefore, sues such Defendants by fictitious names, and will seek leave to amend this Complaint to state their true names and capacities at such time as the same become known to Plaintiff.

8. The amount in controversy exceeds $75,000.

9. This Court possesses original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

11. On or about February 7, 2022, Mr. Davies approved and accepted a quote from Plaintiff for the purchase of 85,000 pots and gutter materials (collectively "Materials") in the amount of $241,022.50.

12. For purposes of moving forward with production of Materials, Plaintiff requested a 30% down payment from Mr. Davies. Mr. Davies advised Plaintiff that he would move forward with the down payment that same week.

13. On or about February 9, 2022, Mr. Davies paid a deposit in the amount of $72,296.75 for Plaintiff to begin production of the Materials.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2)

14. Defendants have not paid the remaining balance in the amount of $168,725.75 to Plaintiff for production of Materials received by Defendants.

15. Under the Invoice ("Contract") between Plaintiff and Defendants concerning the production of Materials, Plaintiff is entitled to collect interest at a rate of 1.5% per month on all amounts owed by Defendants to Plaintiff.

16. Mr. Davies was an employee of S&A Group Holdings USA and would transact business with Plaintiff.

17. Upon information and belief, Mr. Davies was an employee of S&A Group Holdings USA, when he began to negotiate the contract for the Materials with Plaintiff.

18. Upon information and belief, Mr. Davies is the founder of LGSA20 INC.

19. LGSA20 INC does business as The Blossom Farm.

20. After entering into the contract with Plaintiff, Mr. Davies asserted that, instead of entering into the contract with S&A Group Holdings USA, Plaintiff had instead contracted with The Blossom Farm, a tradename of LGSA20 INC.

21. Plaintiff is entitled to recover the greater amount of all attorneys' fees, costs, and expenses incurred to collect amounts Defendants have failed to pay to Plaintiff.

22. Plaintiff has requested in writing that Defendants pay the outstanding principal balance due of $168,725.75 plus accrued and accruing interest concerning the production of the Materials Plaintiff produced and completed.

23. Defendants have refused Plaintiff's demands to pay the outstanding principal balance due of $168,725.75 plus accrued and accruing interest concerning the production and completion of the Materials.

## COUNT ONE

## Breach of Contract

24. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

25. Plaintiff and Defendants entered into a Contract for Plaintiff to produce Materials and for Defendants to pay Plaintiff for production services.

26. Plaintiff performed and completed the Contract for production and delivery of the Materials to Defendants.

27. Defendants have failed and refused to pay Plaintiff the contracted-for charges for the production of Materials Plaintiff produced and completed, despite Plaintiff's written and verbal demands that such payments be made.

28. Defendants' refusal and failure to pay Plaintiff the contracted-for charges for the production and delivery of Materials constructed and provided to Defendant constitutes a breach of the Contract between Plaintiff and Defendants for those services and the Materials.

29. Plaintiff has suffered damages due to Defendants' refusal and failure to pay the outstanding principal balance due of $168,725.75 plus accrued and accruing interest concerning the production of Materials Plaintiff produced and provided to Defendants and by being forced to incur attorneys' fees, costs, and other expenses to collect the outstanding amounts Defendants owe Plaintiff for those services.

30. Plaintiff is entitled to recover the attorneys' fees, costs, and other expenses incurred in Plaintiff's efforts to collect the amounts Defendants owe Plaintiff pursuant to the Contract between Plaintiff and Defendants, under A.R.S. § 12-341.01 and/or under A.R.S. § 12-341.

31. Plaintiff is entitled to recover the taxable costs incurred in Plaintiff's efforts to collect the amounts Defendants owe Plaintiff pursuant to the contracts between Plaintiff and Defendant and/or under A.R.S. § 12-341.

32. Plaintiff is entitled to recover interest on the unpaid principal balance Defendants owe Plaintiff pursuant to the contracts between Plaintiff and Defendants and/or under A.R.S. § 44-1201.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 4)

## COUNT TWO

## Breach of the Covenant of Good Faith and Fair Dealing

33. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Plaintiff and Defendants entered into a Contract for Plaintiff to produce Materials and for Defendants to pay Plaintiff for production services.

35. Plaintiff performed and completed the Contract for production and delivery of the Materials to the Defendants.

36. Defendants have failed and refused to pay Plaintiff the contracted-for charges for the production of Materials Plaintiff produced and completed, despite Plaintiff's written and verbal demands that such payments be made.

37. Defendants' refusal and failure to pay Plaintiff the contracted-for charges for production of Materials Plaintiff constructed for and delivered to Defendants further constitutes a breach of the implied covenant of good faith and fair dealing in the Contract between Plaintiff and Defendants that prohibit Defendants from doing anything that would have the effect of destroying and/or injuring Plaintiff's rights to receive the full benefits of that Contract.

38. Plaintiff has suffered damages due to Defendants' refusal and failure to pay the outstanding principal balance due of $168,725.75 plus accrued and accruing interest concerning the production of Materials Plaintiff produced and provided to Defendants and by being forced to incur attorneys' fees, costs, and other expenses to collect the outstanding amounts Defendants owe Plaintiff for those services.

39. Plaintiff is entitled to recover the attorneys' fees, costs, and other expenses incurred in Plaintiff's efforts to collect the amounts Defendants owe Plaintiff pursuant to the Contract between Plaintiff and Defendants, under A.R.S. § 12-341.01 and/or under A.R.S. § 12-341.

40. Plaintiff is entitled to recover the taxable costs incurred in Plaintiff's efforts to

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 5)

collect the amounts Defendants owe Plaintiff pursuant to the contracts between Plaintiff and Defendant and/or under A.R.S. § 12-341.

41. Plaintiff is entitled to recover interest on the unpaid principal balance Defendants owe Plaintiff pursuant to the contracts between Plaintiff and Defendants and/or under A.R.S. § 44-1201.

## COUNT THREE

### Quantum Meruit

42. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

43. Plaintiff and Defendants entered into a Contract for Plaintiff to construct Materials to provide to Defendants and for Defendants to pay Plaintiff for these services.

44. Plaintiff performed and completed the contracted-for work and/or production of Materials provided to Defendants.

45. Defendants have failed and refused to pay Plaintiff the contracted-for charges for the work and/or production of Materials Plaintiff performed and completed, despite Plaintiff's written and verbal demands that such payments be made.

46. The true value of the work Plaintiff performed and completed for Defendants equals and/or exceeds the principal balance of $168,725.75 that Defendants continue to owe Plaintiff, such that, unless a judgment is entered against Defendants, Defendants will be unjustly enriched.

47. As a result of Defendants' refusals and failures to pay Plaintiff the full amounts Defendants owe Plaintiff under the Contract between Plaintiff and Defendants for the work and/or production of Materials Plaintiff performed and completed, Defendants are, were, and have been unjustly enriched in an amount to be proven at trial.

48. Plaintiff is entitled to recover the attorneys' fees, costs, and other expenses incurred in Plaintiff's efforts to collect the amounts Defendants owe Plaintiff pursuant to the

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 6)

contracts between Plaintiff and Defendants, under A.R.S. § 12-341.01 and/or under A.R.S. § 12-341.

49. Plaintiff is entitled to recover the taxable costs incurred in Plaintiff's efforts to collect the amounts Defendants owe Plaintiff pursuant to the Contract between Plaintiff and Defendant and/or under A.R.S. § 12-341.

50. Plaintiff is entitled to recover interest on the unpaid principal balance Defendants owe Plaintiff pursuant to the contracts between Plaintiff and Defendants and/or under A.R.S. § 44-1201.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendants as follows:

1. For an award to Plaintiff of the sum of $168,725.75 for the outstanding principal balance Defendants owe Plaintiff concerning the Materials produced by Plaintiff and provided to Defendant;

2. For an award to Plaintiff of interest on $168,725.75 from February 7, 2022 to the date of judgment at 1.5% per month (or the maximum rate allowed, pursuant to A.R.S. § 44-1201;

3. For an award to Plaintiff of the attorneys' fees, costs, and other expenses Plaintiff incurred in its efforts to collect the sums Defendants owe Plaintiff concerning the Materials produced by Plaintiff and provided to Defendant pursuant to the parties' Contract, case law, and/or statutory authority, including, but not limited to, A.R.S. §§ 12-341.01 and/or 12-341; and

4. For such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 7)

1  DATED this 24th day of May, 2023.

2  RENAUD COOK DRURY MESAROS, PA

3

4  By *s/ Miles M. Masog*
   Miles M. Masog
5  Attorneys for Plaintiff

6

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 8)